UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS CICCHETI,

          Plaintiff,

V.

ERNEST D. DAVIS, INDIVIDUALLY, AND
IN HIS CAPACITY AS MAYOR OF THE CITY
OF MOUNT VERNON, NEW YORK,

          Defendant.

---

07 CIV 10546
NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the Memorandum of Law, Affirmation of HINA SHERWANI, and the exhibits annexed thereto, and upon all prior pleadings and proceedings, the Defendant will, pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this Court at a date and time to be determined by the Court, at the United States Courthouse for the Southern District of New York, 300 Quarropas Street, White Plains, New York before the Honorable William C. Conner, Senior United States District Court Judge, for an Order granting summary judgment in favor of Defendant and dismissing this civil action in its entirety.

Dated:    January 18, 2008
           Mount Vernon, New York

HELEN M. BLACKWOOD, ESQ.
CORPORATION COUNSEL

By: _____
    HINA SHERWANI (HS 8283)

HELEN M. BLACKWOOD, ESQ.
CORPORATION COUNSEL
CITY HALL
1 Roosevelt Square
Mount Vernon, New York 10550
(914) 665-2366

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――X
NICHOLAS CICCHETI,
                      Plaintiff

                                                                  **AFFIRMATION**

   -against-

                                                               Docket No. 07 CV 10546

ERNEST D. DAVIS, INDIVIDUALLY and in his
capacity AS MAYOR OF THE CITY
OF MOUNT VERNON, NEW YORK
                      Defendants.
―――――――――――――――――――――――X

STATE OF NEW YORK     )
                                 ) ss:
COUNTY OF WESTCHESTER   )

        HINA SHERWANI, being duly sworn, hereby deposes and says:

1.      I am an Assistant Corporation Counsel in the Office of Helen M. Blackwood, Corporation Counsel of The City of Mount Vernon. As such, I am fully familiar with the facts and circumstances surrounding this matter. I am duly admitted to practice law before the United States Southern District of New York.

2.      Plaintiff's complaint is annexed herewith as Exhibit "A".

3.      Plaintiff was the Fire Commissioner of the City of Mount Vernon appointed by Mayor Ernest Davis on January 1, 2001.[1] He was terminated by Mayor Davis on November 19, 2007. He was appointed Assistant Water Superintendent by Water Commissioner David Ford on January 1, 2008.

---

[1] See Plaintiff's Roster Card annexed herewith as Exhibit "B".

4.  Plaintiff's complaint alleges that plaintiff became affiliated with Selim Zherka, owner/publisher of the *Westchester Guardian*, a county-wide weekly periodical. The complaint further alleges that plaintiff went to went to a political fundraiser for Davis' Opponent with Selim Zherka thereby politically affiliating with him and Mayor Davis' opponent. See Plaintiff's complaint, paragraphs 5-10 of "The Facts".

5.  The *Westchester Guardian* characterized Mayor Davis as "DUMB" on a front page headline and stated that Mayor Davis would be arrested and prosecuted. See Plaintiff's complaint, paragraph 7 of "The Facts".

6.  The complaint alleges that on November 19, 2007, Mayor Davis accused plaintiff of being a 'traitor' and terminated his employment as Police Commissioner.

7.  The complaint states two claims :1) that Davis' conduct violated Plaintiff's First Amendment rights on a third party standing basis; and 2) that Davis' conduct violated Plaintiff's First Amendment protected rights.

8.  The Fire Commissioner serves at the pleasure of the Mayor pursuant to Mount Vernon City Charter Section 14. See Mount Vernon City Charter § 14 annexed herewith as Exhibit "C".

9.  It will be undisputed that the Fire Commissioner is a policymaker. The explicit provisions of the City Charter establish and define his 'policymaker' role. See Mount Vernon City Charter §127 annexed as Exhibit "D". See also **Memorandum of Law** submitted herewith.

10. As this Court is well aware, the political affiliations and expressions of "policymakers" are not constitutionally protected from government retaliation. See *Elrod v.*

*Burns*, 427 U.S. 347, 367-68, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); <u>*Branti v. Finkel*, 445 U.S. 507, 517-18, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)</u>. <u>See</u> **Memorandum of Law**.

11. As such, this Court must summarily grant judgment to the defendant.

12. Plaintiff additionally claims a violation of his First Amendment rights on a third party standing basis (Complaint Page 4, ¶ 16). However, third-party standing is unavailable to plaintiff as there is not even an allegation that the third party is unable to protect its own interests. <u>See</u> **Memorandum of Law**.

WHEREFORE, it is respectfully requested that this Court summarily grant judgment to the defendant and dismiss plaintiff's complaint together with such other and further relief as to the Court may seem just and proper.

Dated: Mount Vernon, New York
January 18, 2008

_____
HINA SHERWANI

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

NICHOLAS CICCHETTI,

               Plaintiff,

-against-

ERNEST D. DAVIS, individually and in his capacity as Mayor of the City of Mount Vernon, New York,

               Defendants.

----------------------------------------------------------x



07 Civ. (   )

COMPLAINT

'07 CIV 10546

Jury Trial Demanded

**JUDGE CONNER**

Plaintiff NICHOLAS CICCHETTI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, predicated on conduct engaged in by the Defendant while acting under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff NICHOLAS CICCHETTI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint, except as expressly indicated *infra*, he was the duly appointed Commissioner of the Fire Department (hereinafter "Commissioner") of the City of Mount Vernon, New York (hereinafter "City"). At all times relevant to this complaint he was, and continues to be, the Vice Chairman of the Democratic Party (hereinafter "Vice Chairman") in the City.

4. Defendant ERNEST D. DAVIS (hereinafter "Davis"), who is sued in his personal and official capacities, at all times relevant to this complaint was the duly elected Mayor of the City. At all times relevant to this complaint prior to a September 2007 primary election in which Davis was successfully challenged by Clinton Young (hereinafter "Young") for the Democratic Party line with respect to the November 2007 mayoral election in the City, Davis was a Democrat supported as such by Plaintiff.

## THE FACTS

5. Following Davis' defeat by Young in the Democratic primary, Plaintiff as Vice Chairman supported Young as the Democratic Party's candidate for election as Mayor of the City.

6. Davis, having lost that primary, ran for re-election as Mayor on the Independence and Conservative Party lines.

7. Throughout both the primary and general election campaigns for Mayor, Davis was the subject of repeated, negative news articles and editorials as published by The

2

Westchester Guardian (hereinafter "Guardian"), a weekly periodical distributed throughout the County of Westchester by its owner/publisher Selim Zherka (hereinafter "Zherka"). In that connection the Guardian published accounts (hereinafter the Guardian's "speech") of corruption in the Davis administration, characterized Davis - - in connection with a front page headline - - as "DUMB", criticized the wave of shootings and violence that plagued the City during Davis' tenure, reported about the disappearance of substantial federal funds in a program administered by the Davis administration, and *inter alia* expressed optimism that currently pending federal investigations of Davis and his corrupt administration would result in his arrest and prosecution.

8. At the general election Young defeated Davis, a circumstance that was the subject of reporting in *inter alia* the Guardian.

9. On November 15, 2007, Plaintiff accompanied by Zherka attended a Democratic fundraiser for Young, held a local City restaurant, "Buona Sera".

10. As Plaintiff and Zherka entered the restaurant Davis, who coincidentally was having dinner at Buona Sera, observed them and appeared shocked that Plaintiff was associating with the Guardian's publisher in support of Young at the City's Mayor elect.

11. November 16, 2007, Plaintiff received a directive from the Mayor's office that the following Monday, he was to meet with Davis at 9:30 A.M.

12. On November 19, 2007, at that meeting Davis accused Plaintiff of being a "traitor", effective immediately terminated his employment as Commissioner, and had Plaintiff removed from his (Plaintiff's) office by the City's police.

13. In taking that action Davis was motivated and/or substantially motivated to retaliate against Plaintiff by reason of: i) the Guardian's First Amendment protected

3

speech; and/or ii) Plaintiff's support, as Vice Chairman, of the Democratic Party's candidate for Mayor following Young's defeat of Davis in the primary election.

14. As a proximate result of Defendant's conduct Plaintiff has been caused to suffer: substantial pecuniary losses; public humiliation; public embarrassment; anxiety; emotional upset; a chilling of the prospective exercise of his First Amendment protected rights; and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13(i)", inclusive.

16. Under the premises Davis' conduct violated Plaintiff's First Amendment rights on a third party standing basis, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12" and "13(ii)".

18. Under the premises Davis' conduct violated Plaintiff's First Amendment protected rights, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against Davis, individually, such punitive and compensatory damages as the jury may determine,

    b. Awarding against Davis in his official capacity, such compensatory damages as the jury may determine,

    c. Awarding reasonable attorney's fees and costs, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       November 21, 2007

                      LOVETT & GOULD, LLP
                      By: _____
                      Jonathan Lovett
                      Attorneys for Petitioner
                      222 Bloomingdale Road
                      White Plains, N.Y. 10605
                      914-428-8401

EXHIBIT B

| | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|
| DATE | SAL. | DATE | SAL. | DATE | SAL. | DATE | SAL. | EXTRAS DATE SAL. | | DATE | SAL. | DATE | SAL. | DATE | SAL. | EXTRAS DATE SA |

NAME: Cicchetti, Nicholas

ADDRESS: 21 North High Street

668-1476

BIRTH DATE: 5/3/61    BIRTHPLACE:

NATURALIZATION:

TITLE OF EXAMINATION:

DATE OF EXAMINATION:

SALARY BRACKET:

FINGER PRINTED:

MEDICAL EXAM'N:

SS#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    CSC: 1/10/00 filed:12/30/99 time:3:43P.M.

| POSITION | DEPARTMENT | DATE APPOINTED | SALARY | DATE INCREASED | CLASS | REMARKS |
|---|---|---|---|---|---|---|
| Deputy Fire Commissioner/ Admin | Fire | 12/31/99 | $52,389.00 | | Exempt | AT PLEASURE OF COMMISSIONER 12/31/99 |
| | | | TERMINATED 12/31/00 RPC 12/26/00 | | | |
| Commissioner | Fire | 1/1/01 | $74,382.00 | | UNC | PLEASURE OF MAYOR |
| | | | 75,896.64 | 1/1/01 | #11(4/2/02) | RPC 12/26/ |
| | | | 77,387.03 | 7/1/01 | 12 " | |
| | | | 78,034.77 | 1/1/02 | #18(5/14/02) | |
| | | | 80,513.47 | 7/1/02 | 19 " | |
| | | | 82,928.87 | 1/1/03 | #17(6/17/03) | |
| | | | 85,416.74 | 1/1/04 | #25(12/20/05) | |
| | | | 87,979.24 | 1/1/05 | #26 " | |
| | | | 90,618.62 | 1/1/06 | #41(12/20/05) | |

POSITION: Commissioner    NAME: Cicchetti, Nicholas    ADDRESS: 21 North High Street

TYPIST PLEASE NOTE— THIS SCALE CORRESPONDS TO TYPEWRITER (PICA) SCALE— SET PAPER GUIDES SO THAT CARD SCALE WILL REGISTER WITH MACHINE SCALE WHEN CARD IS TURNED INTO WRITING POSITION. START INDEX THREE (3) POINTS FROM LEFT EDGE OF CARD. USE OTHER POINTS OF SCALE FOR OTHER DIVISIONS OF VISIBLE TITLE. SET TABULATORS TO INSURE PERFECT ALIGNMENT OF EACH DIVISION OF INFORMATION. FOLD BACK OR REMOVE STUB AFTER TYPING. USE NEW TYPEWRITER RIBBON.

SACCENTE'S HOUSE OF PRINTING, INC. • 914-668-4634

PRINTED IN U. S. A.

**EXHIBIT C**

# CODE OF THE CITY OF MOUNT VERNON NEW YORK



GENERAL CODE PUBLISHERS CORP.

    a.    Wherever the term "Alderman" or "Aldermen" may be used in this Charter or any amendment thereof, said terms shall mean "City Councilman" or "City Councilmen," respectively.

    b.    Wherever the term "City Councilman" or "City Councilmen" may be used in this Charter or any amendment thereof, said terms shall be held to include the words "City Councilwoman" or "City Councilperson" and "City Councilwomen" or "City Councilpersons", wherever such inclusion would be proper.

    c.    Wherever the term "Common Council" or "Board of Aldermen" may be used in this Charter or any amendment thereof, said terms shall mean "City Council."

    d.    Nothing herein contained shall in any manner affect or impair any legislation heretofore enacted by or other act of the Board of Aldermen or Common Council of this City.

(As amended by L.L. 1927, No. 4; L.L. 1939, No. 5; L.L. 1972, No. 1; New York State Legislature, Ch. 694 of the Laws of 1981; L.L. 1982, No. 2)

§ 14. Appointive officers.

There shall be appointed by the Mayor, to hold office during his pleasure, a Commissioner of Public Works, a Fire Commissioner, a Commissioner of Buildings, a Commissioner of Public Safety, a Corporation Counsel and as many Commissioners of Deeds as may be authorized by ordinance of the City Council. There shall also be appointed by the Mayor a Commissioner of Assessment and Taxation who shall hold office for a term of six years pursuant to § 1522 of the Real Property Tax Law. All matters relating to the qualifications, term of office, appointment and removal of the Commissioner of Assessment and Taxation shall be in accordance with § 1522 of the Real Property Tax Law. The term of office of the Commissioner of Assessment and Taxation shall commence on the first day of October 1971 and each sixth year thereafter. There shall also be appointed by the Mayor an Associate City Judge, who shall hold office for a term of two years. The term of office of the Associate City Judge shall commence on January 1, 1962, and thereafter on January 1 each succeeding two years.

The Commissioner of Public Safety shall be a resident of the City of Mount Vernon and shall give his whole time to his duties and shall not accept any additional place of public trust or civil emolument.

(As amended by L.L. 1928, No. 1; L.L. 1958, No. 1; L.L. 1961, No. 4; L.L. 1961, No. 54; L.L. 1968, No. 6; L.L. 1968, No. 10; L.L. 1969, No. 10; L.L. 1972, No. 5; L.L. 1985, No. 7)

§ 15. Qualifications.

Every person elected or appointed to office shall possess qualifications prescribed by § 3 of the Public Officers Law. No person shall be eligible to the office of either Mayor or Comptroller or City Councilman or City Judge or County Legislator, unless he has been a resident elector of the City during a period of three years before such election. No person shall be eligible to the office of City Judge or

EXHIBIT D

# CODE
# OF THE
# CITY
# OF
# MOUNT VERNON
# NEW YORK



GENERAL CODE PUBLISHERS CORP.

ARTICLE X-A
Fire Department

§ 127. Fire Commissioner; subordinates.

The Fire Commissioner shall be the head of the Fire Department. He shall appoint, to hold office during his pleasure, except as otherwise provided by law, a Deputy Fire Commissioner and such subordinates as may be prescribed by the Board of Estimate and Contract. In case of the absence or disability of the Commissioner and of the Deputy, or a vacancy in both offices, the Mayor shall appoint a suitable person to discharge the duties of the office until the Commissioner or his Deputy returns, or their disability ceases, or the vacancy is filled. (As added by L.L. 1928, No. 1)

§ 127-a. Powers and duties of Commissioner and Deputy.

The Fire Commissioner shall have cognizance, jurisdiction, supervision and control of the government, administration, disposition and discipline of the Fire Department, and of the officers and members of said Department, and shall possess and exercise fully and exclusively all powers and perform all duties pertaining to the government, maintenance and direction of said Department, and the apparatus and property thereof and buildings furnished therefor, and shall have the general direction and supervision of the expenditure of all moneys appropriated to said Department. During the absence or disability of the Commissioner the Deputy Commissioner shall discharge the duties of the office until the Commissioner returns or his disability ceases. The Deputy Commissioner shall at all times have and possess all the powers of the Commissioner in order to discharge any of the duties of the Commissioner committed to such Deputy by the Commissioner. (As added by L.L. 1928, No. 1)

§ 127-b. Rules, orders and regulations.

The Fire Commissioner shall make, adopt and enforce such reasonable rules, orders and regulations, not inconsistent with law, as may be reasonably necessary to effect a prompt and efficient exercise of all the powers conferred and the performance of all duties imposed by law upon him or the department under his jurisdiction. He is authorized and empowered to make, adopt, promulgate and enforce reasonable rules, orders and regulations for the government, discipline, administration and disposition of the officers and members of the Fire Department, and for the hearing, examination, investigation, trial and determination of charges made or prepared against any officer or member of said Department for neglect of official duty or incompetency or incapacity to perform his official duties or some delinquency seriously affecting his general character or fitness for the office, and may, in his discretion, punish any such officer or member found guilty thereof by reprimand, forfeiting and withholding pay for a specified time, suspension during a fixed period or dismissal from office; but no officer or member of said Department shall be removed or otherwise punished for any other cause, nor until specific charges in writing have been preferred against and served upon him, and he shall have been found guilty thereof after reasonable notice and upon due trial before said Commissioner in the form and manner prescribed by law and the rules and regulations of the Department. (As added by L.L. 1928, No. 1)

time between the date of resignation and reinstatement shall not apply on his time of service in the Department. (As added by L.L. 1928, No. 1)

§ 127-f. Appeal from determination of Commissioner.

In case any such officer or member is aggrieved by the determination of the Commissioner on any trial of charges, as specified in the preceding section, he may within thirty days after the rendering of such determination, take an appeal therefrom on questions of law to the Appellate Division of the Supreme Court. An appeal taken, as prescribed herein, shall be perfected by the service of notice of appeal upon the Commissioner. He shall, within ten days thereafter, make and file with the County Clerk of Westchester County a complete return of the proceedings on such trial. For the use of the parties and Court on such appeal, the appellant shall cause a certified, or stipulated copy of said return to be printed and issued and all the rules and statutes concerning the correction and service and use of a printed case on appeal shall as far as appropriate be applicable to the correction, service and use on appeal of said records. (As added by L.L. 1928, No. 1)

§ 127-g. (Reserved)[6]

§ 127-h. Political activity prohibited.

No officer or member of the Fire Department shall be a member of or delegate to any political convention, nor shall he be present at such convention except in the performance of duty relating to his position as such officer or member. He shall not solicit any person to vote at any political primary or election, nor challenge, nor in any manner attempt to influence any voter thereat. He shall not be a member of any political committee. Any officer or member violating any provision of this section shall be dismissed from office. (As added by L.L. 1928, No. 1)

ARTICLE XI
(Reserved)[7]

§§ 132 through 144. (Reserved)[8]

ARTICLE XI-A
Department of Planning and Community Development
(As added by L.L. 1969, No. 2; as amended in its entirety
by L.L. 1977, No. 3; L.L. 1997, No. 6)

---

6. Editor's Note: Former § 127-g, Chief of Fire Department, as added by L.L. No. 1-1928 and amended by L.L. No. 1-1972, was repealed 5-9-1984 by L.L. No. 3-1984, which local law was approved by the Mayor 5-9-1984.

7. Editor's Note: Former Article XI, Department of Public Health, consisting of §§ 132 through 144, inclusive, as amended, was repealed by L.L. 1980, No. 8.

8. Editor's Note: Former § 144, Abatement of nuisance, as added by L.L. 1929, No. 2, and as amended by L.L. 1942, No. 3; L.L. 1962, No. 2; L.L. 1962, No. 5; L.L. 1964, No. 3; L.L. 1970, No. 2; L.L. 1972, No. 1, was deleted in its entirety from former Article XI and added in its entirety to Article IX as a new § 105-b by L.L. 1980, No. 7.