UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

NICHOLAS CICCHETI,
                        Plaintiff

                                                              **MEMORANDUM OF LAW**

    -against-

                                                        Docket No. 07 CV 10546

ERNEST D. DAVIS, INDIVIDUALLY and in his
capacity AS MAYOR OF THE CITY
OF MOUNT VERNON, NEW YORK
                        Defendants.
_____X

## SUMMARY JUDGMENT STANDARD

The standard for granting summary judgment is well established. Summary judgment may not be granted unless there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).

## THE FIRE COMMISSIONER SERVES AT THE PLEASURE OF THE MAYOR

As the Mount Vernon City Charter explicitly states: the Fire Commissioner serves at the pleasure of the mayor.

> §14 There shall be appointed by the Mayor to hold office **during his pleasure**, a ...Fire Commissioner. (emphasis supplied)

As such, his appointment and termination are at the pleasure of the Mayor. In fact in this case, Plaintiff cannot allege any constitutional violation or deprivation as he was reappointed by the City as Assistant Water Superintendent as of January 1, 2008. As such, no federal constitutional claim can survive. Although it is the City's position that his termination as Fire Commissioner was proper at the pleasure of the Mayor, the following analysis of plaintiff's claims is done in the event this Court requires:

## THE FIRE COMMISSIONER IS A POLICYMAKER PURSUANT TO MOUNT VERNON CITY CODE

Whether an employee's position falls within the policymaker exception is a question of law for the court. Gordon v. County of Rockland 110 F3d 886 (2d Cir. 1997)

This Court can summarily dismiss plaintiff's complaint as the relevant municipal provisions provide sufficient facts about plaintiff's job responsibilities. Danahy v. Buscaglia, 134 F.3d 1185, 1191 (2d Cir.1998); McEvoy v. Spencer, 124 F.3d 92, 104 (2d Cir.1997). The Fire Commissioner by virtue of the City Code is a policymaker. He or she, by the power vested in him/her, by Section 127-a and Section 127-b, has 'cognizance, jurisdiction, supervision and control of the government, administration, disposition and discipline of the Fire Department, and of the officers and members of said

Department, and shall possess and exercise fully and exclusively all powers and perform all duties pertaining to the government, maintenance and direction of said Department...". Pursuant to Section 127-b, he "shall make, adopt and enforce such reasonable rules orders and regulations...as may be reasonably necessary to effect a prompt and efficient exercise of all the powers conferred and the performance of all duties imposed by law upon him or the department under his jurisdiction". As such, the Fire Commissioner is the quintessential policymaker.

## POLITICAL AFFILIATIONS AND EXPRESSIONS OF POLICYMAKERS ARE NOT CONSTITUTIONALLY PROTECTED

As stated above, this Court must decide whether plaintiff's position falls within the policymaker exception. Gordon v. County of Rockland 110 F3d 886 (2d Cir. 1997). The political affiliations and the expressions of policymakers are not constitutionally protected from government retaliation. Elrod v. Burns, 427 U.S. 347, 367-68, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); Branti v. Finkel, 445 U.S. 507, 517-18, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

The Second Circuit, in First Amendment retaliation cases in which the alleged government's retaliation is motivated by political association unprotected under Elrod, has held that there generally is no First Amendment violation when the plaintiff is a policymaker. McEvoy v. Spencer, 124 F.3d 92 (2d Cir.1997).

The Second Circuit has identified some relevant factors to be considered in deciding whether an employee may constitutionally be discharged on the basis of his or

her political affiliation. "These factors include whether the employee (1) is exempt from civil service protection, (2) has some technical competence or expertise, (3) controls others, (4) is authorized to speak in the name of policymakers, (5) is perceived as a policymaker by the public, (6) influences government programs, (7) has contact with elected officials, and (8) is responsive to partisan politics and political leaders." Almonte v. City of Long Beach, 478 F.3d 100 (2d Cir. 2007); Vezzetti v. Pellegrini, 22 F.3d 483, 486 (2d Cir.1994). This list is not intended to be exhaustive, nor is any one factor dispositive; "[t]he proper approach is to assess all the factors in order to determine whether 'there is a rational connection between shared ideology and job performance.' " Id. (*quoting* Savage v. Gorski, 850 F.2d 64, 68 (2d Cir.1988).

Here, the Fire Commissioner's position, statutorily on its face, is that of a policymaker. Based on Almonte, the plaintiff's first amendment claims fail as 1) plaintiff is exempt from civil service protection 2) controls others 3) is authorized to speak in name of policymakers 4) is perceived as a policymaker by the public 5) influences government programs 6) has contact with elected officials, and 6) is responsive to partisan politics and political leaders. These are all undisputed and gathered from Plaintiff's complaint, roster card and the City Charter. Since the test weighs clearly in favor of the defendants, the defendants do not rely on the qualified immunity doctrine.

Plaintiff's ability to go to a political fundraiser and affiliate with Selim Zherka is not a matter of public concern and thus is not entitled to First Amendment Protection. If this court finds that it is of public concern, it must only then…balance the interests of the City as an employer in providing effective and efficient public services against the employee's

First Amendment right to associate with Mr. Zherka. In striking that balance, the court must consider whether the statement sought to be protected: impairs discipline by superiors or harmony among co-workers; has a detrimental impact on close working relationships; impedes the performance of the speaker's duties; or interferes with the regular operation of the enterprise. The more the employee's job requires confidentiality, policymaking, or public contact, the greater the state's interest in disciplining or terminating the employee for expression that offends the employer. 13 *N.Y.Prac., Employment Litigation in New York* § 3:84.

Taking the facts as expressed in the Complaint for the purposes of this motion, plaintiff's affiliation and association with a newspaper publisher whose front page headline calls the Mayor "DUMB" (paragraph 7 of the Complaint) is certain to impair discipline by superiors and harmony among co-workers in the Fire Department and among City employees. The detrimental impact of that affiliation and its risk to the confidential relationship a Mayor relies on is unquestionable.

If the harmful effects of the expression to the public workplace outweigh its benefits to the speaker-employee, then the employer is justified in taking adverse action against the employee in order to mitigate the negative effects. McEvoy v. Spencer 124 F.3d 92 (2nd Cir. 1997).

### PLAINTIFF'S CLAIM IS BASED ON THIRD PARTY STANDING

Neither the Westchester Guardian nor Selim Zherka are named as plaintiffs in this action. In order for plaintiff to even assert third-party standing, he would have to show an

injury-in-fact as well as an inability of Selim Zherka or the Westchester Guardian to protect their own interests. Neither is alleged in the complaint.

## CONCLUSION

Based on the foregoing, plaintiff's termination was not in violation of Plaintiff's First Amendment rights and the City seeks summary judgment and an Order by this Court dismissing plaintiff's complaint in its entirety together with such other relief as this Court deems just and proper.

Respectfully Submitted,

HELEN M. BLACKWOOD, ESQ.
OFFICE OF THE CORPORATION COUNSEL

_____
HINA SHERWANI  (HS8283)

CITY HALL
1 Roosevelt Square
Mount Vernon, New York 10550
(914) 665-2366
Attorneys for Defendants