UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NICHOLAS CICCHETTI,

                    Plaintiff,

      -against-

ERNEST D. DAVIS, individually and in his capacity as Mayor of the City of Mount Vernon, New York,

                    Defendants.

------------------------------------------------------------x

07 Civ. 10546 (WCC)

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

Plaintiff NICHOLAS CICCHETTI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, predicated on conduct engaged in by the Defendant while acting under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and 42 U.S.C. §1981.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.



1

## THE PARTIES

3. Plaintiff NICHOLAS CICCHETTI is a Caucasian citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint, except as expressly indicated *infra*, he was the duly appointed Commissioner of the Fire Department (hereinafter "Commissioner") of the City of Mount Vernon, New York (hereinafter "City"). At all times relevant to this complaint he was, and continues to be, the Vice Chairman of the Democratic Party (hereinafter "Vice Chairman") in the City. As Commissioner, Plaintiff's effective performance of his office had nothing whatsoever to do with either his political affiliation, anyone's ideology, or shared ideology with the Defendant.

4. Defendant ERNEST D. DAVIS (hereinafter "Davis"), who is sued in his personal and official capacities, at all times relevant to this complaint was the duly elected Mayor of the City. At all times relevant to this complaint prior to a September 2007 primary election in which Davis was successfully challenged by Clinton Young (hereinafter "Young") for the Democratic Party line with respect to the November 2007 mayoral election in the City, Davis was a Democrat and was supported as such by Plaintiff.

## THE FACTS

5. Following Davis' defeat by Young in the Democratic primary, Plaintiff as Vice Chairman supported Young as the Democratic Party's candidate for election as Mayor of the City.

2

6. Davis, having lost that primary, continued his run for re-election as Mayor on the Independence and Conservative Party lines.

7. Throughout both the primary and general election campaigns for Mayor, Davis was the subject of repeated, negative news articles and editorials as published by The Westchester Guardian (hereinafter alternatively the "Guardian"), a weekly periodical distributed throughout the County of Westchester by its Caucasian owner/publisher Selim Zherka (hereinafter "Zherka"). In that connection the Guardian published accounts (hereinafter the Guardian's "speech") of corruption in the Davis administration, characterized Davis - - in connection with a front page headline - - as "DUMB", criticized the wave of shootings and violence that plagued the City during Davis' tenure, reported about the disappearance of substantial federal funds in a program administered by the Davis administration, and *inter alia* expressed optimism that currently pending federal investigations of Davis and his corrupt administration would result in his arrest and prosecution.

8. At theNovember 2007 general election Young defeated Davis.

9. On November 15, 2007, Plaintiff accompanied by Zherka attended a Democratic fundraiser for Young, held a local City restaurant, "Buona Sera".

10. As Plaintiff and Zherka entered the restaurant Davis, who coincidentally was having dinner at Buona Sera, observed them and appeared shocked that Plaintiff was associating with the Guardian's publisher in support of Young as the City's Mayor elect.

11. November 16, 2007, Plaintiff received a directive from the Mayor's office that the following Monday, he was to meet with Davis at 9:30 A.M.

3

12. On November 19, 2007, at that meeting Davis accused Plaintiff of being a "traitor", effective immediately terminated his employment as Commissioner, and had Plaintiff removed from his (Plaintiff's) office by the City's police.

13. In taking that action Davis was motivated, and/or substantially motivated to retaliate against Plaintiff, by reason of: i) the Guardian's First Amendment protected speech, which speech Plaintiff at no time himself published; ii) Plaintiff's support, as Vice Chairman, of the Democratic Party's candidate for Mayor following Young's defeat of Davis in the primary election; and/or Plaintiff's race.

14. No African-American appointive officials who served at Davis' pleasure were terminated by him subsequent to the November 2007 general election. Instead those African-American officials were placed by Davis on forced vacation status with full salary and benefits.

15. As a proximate result of Defendant's conduct Plaintiff has been caused to suffer: substantial pecuniary losses; public humiliation; public embarrassment; anxiety; emotional upset; a chilling of the prospective exercise of his First Amendment protected rights; a violation of his right to Equal Protection and his right to be free from discrimination in employment based upon his race, and he has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13(i)", inclusive.

4

17. Under the premises Davis' conduct violated Plaintiff's First Amendment rights on a third party standing basis, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12" and "13(ii)".

19. Under the premises Davis' conduct violated Plaintiff's First Amendment protected rights, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12" and "13(iii)".

21. Under the premises Davis' conduct violated Plaintiff's rights as guaranteed by 42 U.S.C. §1981.

### AS AND FOR A FOURTH CLAIM

22. Repeats and realleges as if fully set forth paragraph "20".

23. Under the premises Davis' conduct violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against Davis, individually, such punitive and compensatory damages as the jury may determine,

b. Awarding against Davis in his official capacity, such compensatory damages as the jury may determine,

c. Awarding reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      January 25, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Petitioner
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401