UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NICHOLAS CICCHETTI,

                Plaintiff,

-against-                        07 Civ. 10546 (WCC)

ERNEST D. DAVIS, individually and in
his capacity as Mayor of the City of       **PLAINTIFF'S PROPOSED**
Mount Vernon, New York,                   **JURY INSTRUCTIONS**

                Defendants.
----------------------------------------------------------x

        Plaintiff NICHOLAS CICCHETTI, by his attorney Jonathan Lovett, submits the annexed proposed jury instructions.

Dated: White Plains, N.Y.
       March 12, 2009

                                          LOVETT & GOULD, LLP
                                          By:_____
                                          Jonathan Lovett (4854)
                                          Attorneys for Plaintiff
                                          222 Bloomingdale Road
                                          White Plains, N.Y. 10605
                                          914-428-8401

# INSTRUCTION #1

In this case Nicholas Cicchetti claims that his federal civil rights were violated by the Defendant. In that connection he alleges that his termination as Fire Commissioner violated his rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

Those claims are brought pursuant to Section 1983 of Title 42 of the United States Code, which is the federal civil rights law that provides a remedy for individuals who have been deprived, under color of state law, of the rights, privileges and immunities secured by the United States Constitution and federal statutes. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under Section 1983, Plaintiff must prove by a preponderance of the evidence each of the following three elements:

First, that the acts complained of were committed by Defendant acting under color of state law;

Second, that in committing these acts, Defendants intentionally or recklessly deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and,

Third, that Defendants' acts were the proximate cause of injuries sustained by Plaintiff.

In this case you must consider whether Plaintiff has established by a preponderance of the evidence each of the elements of a Section 1983 claim with respect to the alleged violations of Plaintiff's First and Fourteenth Amendment rights. I will now examine each of the Section 1983 elements in greater detail.

**AUTHORITY**: Each instruction proposed by the Plaintiff derives from the jury instructions given on March 5, 2009, by the Hon. Cathy Seibel in <u>Tornello v. Sanders</u>, 07 Civ. 4064 (CS).

# INSTRUCTION #2

The first element of a Section 1983 claim is that the conduct complained of was committed by Defendant while acting under color of state law. Whether the Defendant committed the act alleged by Plaintiff is not an issue for your consideration. Defendant Davis, at the time he was the Mayor of the City of Mt. Vernon, admittedly terminated Mr. Cicchetti's employment as Fire Commissioner.

Because Defendant Davis engaged in that conduct in his capacity as Mayor, I instruct you that he was acting under color of state law at the time. Therefore I direct you to find that the Plaintiff has satisfied the first element of his Section 1983 claim.

## INSTRUCTION #3

The second element of a Section 1983 claim requires Plaintiff to prove by a preponderance of the evidence that Defendant, in committing the acts complained of, intentionally or recklessly deprived Plaintiff of a federal right. Thus in order for Plaintiff to establish the second element he must demonstrate two things: 1) that Defendant's actions caused Plaintiff to suffer the loss of a or any federal rights; and 2) that, in performing those acts Defendant acted with intend to deprive Plaintiff of such right(s) or acted recklessly with respect to whether such right(s) would be violated.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or some other innocent reason. Intent can be proved directly or it can be provided by reasonable inferences from circumstantial evidence, which I will discuss shortly.

An act is done recklessly if it is done in conscious disregard of its known probable consequences. In other words, even if Defendant did not intentionally seek to deprive Plaintiff of his rights, if Defendant nevertheless purposefully disregarded the high probability that their actions would deprive Plaintiff of his rights, then the mental state requirement of the second element of the Section 1983 claim would be satisfied.

If you find that Plaintiff has proved by a preponderance of the evidence both that Defendant deprived Plaintiff of a federal right, and that Defendant did so intentionally or recklessly, the second element of Plaintiff's Section 1983 claim as to that right is satisfied.

# INSTRUCTION #4

The third element of the Section 1983 claim which Plaintiff is required to prove is that Defendant's acts were a proximate cause of injuries sustained by Plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of Defendant's act. If you find that Defendant deprived Plaintiff of a federal right with the requisite state of mind, the third element requires you to determine whether Plaintiff has established by a preponderance of the evidence that Defendant's acts proximately caused injury to Plaintiff.

A proximate cause need not always be the nearest cause in either time or space. In addition there may be more than one proximate cause of an injury. Many factors may operate at the same time, either independently or together, to cause an injury.

## INSTRUCTION #5

Plaintiff claims in this action that his rights under the First and Fourteenth Amendments to the United States Constitution were violated. In that connection it is his contention that Defendant was motivated to terminate him as Fire Commissioner because of : i) his political beliefs and associations; ii) speech engaged in by Selim Zherka in his capacity as publisher of The Westchester Guardian; and/or iii) Plaintiff's race.

With respect to Plaintiff's political beliefs and associations, it is admitted that in a Democratic primary conducted in the 2007 Mount Vernon mayoral race, Clinton Young defeated then incumbent Mayor Ernie Davis. As a result, Mr. Young received the endorsement of the Democratic Party and Plaintiff, as Vice Chairman of the Democratic Party in Mount Vernon, support Young in his bid to be elected as Mayor.

It is also admitted that in light of his primary defeat, Defendant Davis ran for re-election on the Conservative and Independence Party lines. In the November 2007 general election, Young defeated Davis.

With respect to the speech engaged in by Mr. Zherka through The Westchester Guardian it is admitted that during both the primary and general election campaigns that newspaper published a series of negative news articles and editorials about Defendant Davis. Thus The Westchester Guardian alleged corruption in the Davis administration, expressed complaints about the high level of violent crime in Mt. Vernon during Davis' tenure as mayor, and expressed the hope that a then pending federal investigation of the Davis administration would lead to his arrest and prosecution. In that connection the Guardian published a front page headline describing Mr. Davis as: "DUMB".

7

With respect to his claim regarding race a number of the material facts are also not in dispute. Thus it is admitted that Plaintiff is a Caucasian and Defendant Davis is an African-American. It is also admitted that with the exception of Plaintiff, out of all Department heads in the Davis administration, following the defeat of Davis by Clinton Young no African-Americans were terminated. Plaintiff was the only department head who was terminated.

As to the first element of Plaintiff's Section 1983 claim you should not deliberate. Since Defendant Davis was acting in his capacity as the Mayor of the City of Mount Vernon, as a matter of law he was acting under color of the laws of the State of New York.

**INSTRUCTION #6**

As to the circumstances under which Plaintiff claims his rights were violated, certain of the underlying facts are also not in dispute.

Following Mr. Young's election and on November 15, 2007, there was a fund-raiser dinner held for Mr. Young at a local restaurant in Mount Vernon. Plaintiff, accompanied by Mr. Zherka entered the premises to attend the fund-raiser and by coincidence then Mayor Davis observed the two of them.

In that connection Plaintiff claims, but Defendant denies, that when Mr. Davis observed Mr. Cicchetti and Mr. Zherka entering the restaurant with the obvious intention of attending Mr. Young's fund-raiser, Mr. Davis appeared shocked.

With respect to the immediately following events there is no disagreement.

The very next day (a Friday) Mr. Cicchetti was notified by Mr. Davis' office that he was required to meet with Mr. Davis "first thing" on the following Monday. That meeting occurred at which time Mr. Davis terminated Plaintiff's employment effective immediately.

As to what was said at that meeting, Mr. Davis has no recollection. The Plaintiff, on the other hand, testified that Mr. Davis called him a "traitor" and then terminated his employment.

# INSTRUCTION #7

With respect to the second element of the First and Fourteenth Amendments Section 1983 claim you must make two factual determinations: i) Did Defendant Davis violate Plaintiff's First and/or Fourteenth Amendment rights; and if so, ii) Did he do so intentionally or in reckless disregard of Plaintiff's rights or either of them.

In that connection I instruct you that by reason of the First Amendment every citizen has the right to participate in election campaign activities, to affiliate with and advocate the election of a candidate of any political party and to support that candidacy through conduct and/or financial contributions.

With respect to the undisputed facts I instruct you that Plaintiff's service as the Vice Chairman of the Mt. Vernon Democratic Party, his support and advocacy on behalf of Mr. Young following Defendant Davis' primary election defeat, and his attendance as the post-election fund-raiser for Mr. Clinton are each associational activities protected by the First Amendment.

If you determine that Defendant Davis was motivated to terminate Plaintiff's employment or was substantially motivated to terminate Plaintiff's employment by reason of these associational activities or any of them, then you will find for the Plaintiff on liability as to his First Amendment claim. If you determine that Defendant Davis was not motivated or substantially motivated to terminate Plaintiff for those or any of those reasons you will find for the Defendant on the First Amendment claim.

# INSTRUCTION #8

With regard to The Westchester Guardian and Mr. Zherka's publication of criticism of the Davis administration I instruct you that as a matter of law that constituted speech protected by the First Amendment to the United States Constitution.

If you determine that Defendant Davis was motivated to terminate Plaintiff's employment or was substantially motivated to terminate Plaintiff's employment due to the speech engaged in by Mr. Zherka and/or The Westchester Guardian then you will find for the Plaintiff with regard to liability. If you determine that Defendant was not motivated to terminate Plaintiff's employment by reason of that speech then you will find for the Defendants.

# INSTRUCTION #9

As to Plaintiff's Fourteenth Amendment Section 1983 claim it is Plaintiff's contention that in comparison with similarly situated department heads he was treated differently because of his race. In that connection a claim of denial of the right to equal protection depends upon proof that the person compared with others similarly situated was selectively treated and that that selective treatment was based on impermissible considerations such a race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

With respect to this claim you must determine whether in terminating Plaintiff's employment Defendant Davis was motivated and/or substantially motivated to do so by reason of Plaintiff's race, Caucasian.

If you determine that Plaintiff proved by a preponderance of the credible evidence that Defendant Davis was so motivated, then on the Equal Protection Section 1983 claim you shall find for the Plaintiff. If you determine that Plaintiff has not proven by a preponderance of the credible evidence that Davis was so motivated, then you must find for the Defendant on the Equal Protection claim.


**AUTHORITY:** LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980).

12

# INSTRUCTION #10

If Plaintiff has proven by a preponderance of the evidence that Defendant is liable, then you must determine the damages to which Plaintiff is entitled. You should not infer that Plaintiff is entitled to recover damages merely because I am giving you instructions on how to award damages. It is you function to decide on liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery. If you determine that Plaintiff is entitled to damages, the damages you award must be fair and reasonable, neither inadequate nor excessive.

You may award damages for only those injuries which you find Plaintiff has proven by a preponderance of the evidence to have been the proximate result of conduct by Defendant in violation of Section 1983.

Additionally if you find that the injuries suffered by the Plaintiff were partly the result of conduct by Defendant that was legal and party the result of conduct that was illegal, you must award damages only for such portion of the injuries attributable to the illegal conduct. If you cannot separate the two, however, then you must award damages for the entirety of the injuries.

13

# INSTRUCTION #11

If Plaintiff has proved all three essential elements of his Section 1983 claims or either of them, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury - - physical or emotional - - that you believe he actually sustained as a proximate result of the Defendant's misconduct.

You shall award actual actual damages only for those injuries which you find Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven to have been the proximate result of conduct by Defendant in violation of Section 1983. That is, you may not simply award actual damages for any injury suffered by Plaintiff. You must award actual damages for those injuries that are a proximate result of conduct by Defendant that violated Plaintiff's federal rights or either of them.

Plaintiff may be entitled to damages for any pain and suffering he experienced as a result of Defendant's conduct and that which can be reasonably expected in the future. There is no requirement that evidence of the monetary value of such intangible things as pain and suffering be introduced into evidence. In order to recover damages for such injuries, Plaintiff must present credible evidence regarding such injuries, and corroboration of that testimony by the circumstances of the case.

Though Plaintiff may be entitled to compensatory damages for emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish he has suffered as a result of Defendant's conduct, Plaintiff's subjective testimony standing alone is generally insufficient to sustain an award of emotional distress damages. Rather Plaintiff's testimony of emotional injury must be substantiated by other evidence that

14

such an injury occurred, such as the testimony of witnesses as to Plaintiff's distress, or the objective circumstances of the violation itself.

Evidence that a Plaintiff sought medical treatment for the emotional injury, while helpful, is not required. In determining the amount of the award it may often be impossible for you to arrive at a precise amount. Nonetheless it is necessary to arrive at a reasonable award that is supported by the evidence offered by Plaintiff.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

If you return a verdict for the Plaintiff but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the nominal sum of one dollar, evidencing that liability has been proved.

Whether or not you award Plaintiff actual damages, you may also, in your discretion make an award of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for extreme or outrageous conduct, and to deter or prevent Defendant and others like him from committing such conduct in the future.

You may award Plaintiff punitive damages if you find that the acts or omissions of the Defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. Plaintiff has the burden of proving, by a preponderance of the evidence, that Defendant acted maliciously or wantonly with regard to Plaintiff's rights.

15

If you find by a preponderance of the evidence that Defendant acted with malicious intent to violate Plaintiff's federal rights or unlawfully injure him or if you find that Defendant acted with a callous or reckless disregard of Plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary. If you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them

In making this decision you should consider the underlying purposes of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from similar conduct in the future. Thus in deciding whether to award punitive damages you should consider whether the Defendant may be adequately punished by an award of actual damages, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this Defendant from again committing any wrongful acts he may have committed, or whether punitive damages are necessary to provide deterrence. Finally you should consider whether punitive damages are likely to deter or prevent other persons from committing wrongful acts similar to those Defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded you should consider the degree to which Defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter Defendant or persons like him from committing wrongful acts in the future.

16

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct may depend upon the financial resources of the defendant against whom damages are awarded. Therefore, if you find that punitive damages should be awarded against Defendant, you may consider the financial resources of Defendant in fixing the amount of such damages.