UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

NICHOLAS CICCHETTI,

                              Plaintiff,                    **07 CIV 10546 (WCC)**

        -against-

ERNEST D. DAVIS, INDIVIDUALLY, AND
IN HIS CAPACITY AS MAYOR OF THE
CITY OF MOUNT VERNON, NEW YORK,
                              Defendants.

-----------------------------------------------------------------------X

The Defendant, THE CITY OF MOUNT VERNON, by HELEN M. BLACKWOOD,

Corporation Counsel of the City of Mount Vernon, submits the annexed


**PROPOSED JURY INSTRUCTIONS**


Dated:        Mount Vernon, New York
              March 13, 2009

                                        Office of the Corporation Counsel

                                        Attorney for Defendant
                                        Office and PO Address
                                        One Roosevelt Square
                                        Mount Vernon, New York 10550

                                        _____
                                        By: HINA SHERWANI
                                        Assistant Corporation Counsel

## Requested Jury Instruction No.1

## (Race, Religion, National Origin, Sex or Age)

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

*Authority:* Ham v. South Carolina, 409 U.S. *524,* 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); Sand, ¶ 71.01, Instr. 71-9

## Requested Jury Instruction No.2

## (Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. As I have previously indicated, all parties to a civil lawsuit are entitled to a fur and impartial decision devoid of sympathies so that you will arrive at the just verdict.

*Authority:* 4 L. Sand, et al., Modem Federal Jury Instructions. ¶ 71.01, Instr, 71-10

## Requested Jury Instruction No.3
### (Parties of Equal Standing)

You should consider and decide this case as an action, between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life:

In this case, the defendant was the Mayor of the City of Mount Vernon. The mere fact that a party was a governmental entity does not mean it is entitled to any lesser consideration by you. All parties to a lawsuit stand equal before the law, and the Mayor of the City of Mt Vernon are entitled to the same fair consideration as you would give to any other person.

*Authority:* Sand, ¶ 72.01, Instr. 72-1.

## Requested Jury Instruction No.4

### (Summary of Claims)

In this action, plaintiff has brought claims against Mayor Ernest D. Davis. Plaintiff claims under federal statutes 28 U.S.C. § 1983 and 42 U.S.C §1981 that the Mayor violated his rights under the First and Fourteenth Amendments of the United States Constitution when his employment as Fire Commissioner was terminated.

The Mayor denies violating the law under plaintiffs' theories. Specifically, the Mayor denies terminating the plaintiff based on his political association with Selim Zherka or plaintiff's attendance at a fundraiser for his political opponent Clinton Young. The Mayor claims that even if plaintiff's political associations were a substantial factor in his termination, the termination was permitted by law as the Commissioner was a policymaker.

The Mayor contends that Mount Vernon City Charter Section 14 allowed him to appoint and terminate the fire Commissioner at his pleasure.

The Mayor further contends that even if political association was one factor, there were other factors leading to plaintiff's termination. The Mayor claims that the termination was based on the Commissioner's poor job performance and the Mayor's lack of trust in the Commissioner. The Mayor claims that he no longer trusted his leadership capabilities and that they no longer shared views on how to have the best City and best Fire Department.[1]

The Mayor also contends that if the jury finds he was terminated solely for his political affiliations, such a termination was permitted by law as the Commissioner was a policymaker. This Court has already held as a matter of law that it was reasonable for Mayor Davis to believe that plaintiff Fire Commissioner was a policymaker.[2]

Plaintiff also contends that he was terminated based on his race. The Mayor denies this claim and states that there were other factors that led to his termination. The Mayor contends that Mount Vernon City Charter Section 14 allowed him to appoint and terminate the fire Commissioner at his pleasure. The Mayor claims that the termination was based on the Commissioner's poor job performance and the Mayor's lack of trust in the Commissioner.

---

[1] Plaintiff's 56.1 Statement and Counter Statement Paragraphs 21, 26.
[2] Cicchetti v. Davis. Slip Copy, 2009 WL 222379 (S.D.N.Y. 2009).

## Requested Jury Instruction No. 5

### Political Activity

Under the First Amendment to the Constitution of the United States, every citizen has the right to "freedom of speech," which includes the right to engage in "political activity," such as holding meetings and hearing the views of political candidates, or running for office or supporting political candidates, without governmental interference or penalty. This means, then, in the case of governmental or public employees *except policymakers* that such public employees may not be *discharged from their employment* by governmental authority because of that kind of political activity which is protected by the First Amendment.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the actions of the Defendant were "under color" of the authority of the State;

Second: That the Plaintiff engaged in constitutionally protected political activity, a form of free speech, as previously defined, by *associating with Selim Zherka, publisher of the Guardian Newspaper*; and by attending a fundraiser for Mayor Ernest Davis' political opponent Clinton Young

Third: Such protected political activity was a substantial or motivating factor in the Defendant's decision to *discharge the Plaintiff from employment*; and

Fourth: That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

[In this case the parties have stipulated or agreed that the Defendant acted "under color" of state law and you should, therefore, accept that fact as proven.]

You should be mindful that the law applicable to this case requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are

concerned in this case, a public employer may *discharge* a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that the Plaintiff's constitutionally protected political activities were a "substantial or motivating" factor in the Defendant's decision, the Plaintiff does not have to prove that the protected activities were the only reason the Defendant acted against the Plaintiff. It is sufficient if the Plaintiff proves that the Plaintiff's protected political activities were a determinative consideration that made a difference in the Defendant's decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find in the Plaintiff's favor with respect to each of the things the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been *dismissed* for other reasons, even in the absence of the protected activity. If you find that the Plaintiff would have been *dismissed* for reasons apart from the protected political activity, then your verdict should be for the Defendant.

Now, if you find in favor of the Plaintiff, and then find that the Defendant has not established the defense that the Plaintiff would have been *dismissed* in any event for reasons unrelated to protected political activity, you must then decide another defense put forward by the Defendant—namely, that the Plaintiff was a policymaker whose job duties and responsibilities were such that the Defendant had a right to expect and demand political loyalty from the Plaintiff as a condition of employment.

An elected official such as the Defendant must stand for election and is politically responsible or accountable for the acts of certain policymakers. The elected official has a right, therefore, to expect and demand political loyalty from these policymakers so that if such an employee engages in politically disloyal activity, that employee may be *terminated* even though the politically disloyal activity would otherwise be a form of free speech or free association protected by the First Amendment.

Thus, one of the issues you must decide in this case is whether the Plaintiff was a policymaker and whether the performance of his position was rationally connected to a shared ideology. A policymaker is one who holds a position in which the employee's private political beliefs or political activity may interfere with the performance of the public duties of the position. In other words, if a person is a

policymaker, political support by the employee of the elected public employer is an appropriate requirement for the effective performance of the employee's responsibilities.

You must determine whether the performance of his position was rationally connected to a shared ideology. In this regard, you must consider the character of the position, the nature of his responsibilities and the identification with the Mayor.

To decide whether the Plaintiff was a policymaker by virtue of the Plaintiff's position as Commissioner of the Fire Department you should consider any or all of the following factors as they may apply: Plaintiff (1) is exempt from civil service protection, (2) has some technical competence or expertise, (3) controls others, (4) is authorized to speak in the name of policymakers, (5) is perceived as a policymaker by the public, (6) influences government programs, (7) has contact with elected officials, and (8) is responsive to partisan politics and political leaders.[3]

What you must do is weigh these considerations, and then decide whether the Plaintiff was, or was not, a policymaker.

**FED-JI § 168.21**

ANNOTATIONS AND COMMENTS
In Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), the Supreme Court held that governmental employers cannot condition employment upon an employee's political affiliation, which is protected by the First Amendment, unless the "hiring authority can demonstrate that party affiliation is an appropriate requirement for the public office involved," i.e., that the position in question is that of a "key employee" as defined in this instruction. Branti, 445 U.S. at 518, 100 S.Ct. at 1295.

---

[3] *Vezzetti v. Pellegrini,* 22 F.3d 483, 486 (2d Cir.1994).

## Requested Jury Instruction No. 6

### §1983 Claims

Plaintiff's claim is brought under a federal civil rights law, 42 USC § 1983. This law provides a remedy for persons who have been deprived of their federal constitutional and statutory rights under color of state law. Section 1983 provides in part that:

Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a remedy for violations of constitutional and federal rights. The law was passed by Congress to enforce the Fourteenth Amendment of the Constitution, which provides that no state shall deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

To establish a claim under section 1983, plaintiff must prove, by a preponderance of the evidence, the following three elements: first, that defendant's conduct was under color of state law; second, that this conduct deprived plaintiff of a right protected by the Constitution of the United States; and third, that defendant's conduct caused the injuries and damages claimed by plaintiff.

I will explain each of these elements to you.

There is no dispute in this case that Ernest Davis, as Mayor was acting under color of state law.

## Requested Jury Instruction No. 7

## (Second Element — The Plaintiffs' Acts Were a Substantial or Motivating Factor In the Defendants' Action)

The second element of the plaintiff's claim is that his *political* association was a substantial or motivating factor in the defendants' terminating him.

The plaintiff's political association was a substantial and motivating factor in his termination if it played a substantial part in the termination.

Plaintiff claims that he was deprived of the right to associate with Selim Zherka, publisher of the Guardian and deprived of the right to attend a political fundraiser for the defendant Mayor's political opponent Clinton Young. In order to prove a deprivation of that right, plaintiff must prove that the Mayor terminated plaintiff for engaging in constitutionally protected political activity. The Mayor contends that because plaintiff was a policymaker, such political activity was not protected. He also contends that plaintiff was terminated because of a lack of trust in his leadership capabilities and poor job performance.

The defendant may have taken action for no reason whatsoever or for other reasons. If so, then the plaintiff's political association was not a substantial or motivating factor in the defendants' decision.

The defendant may have taken action for one sole reason. If that one sole reason was that plaintiff engaged in constitutionally protected political association, then you must find that the plaintiffs protected speech was a substantial or motivating factor in the defendants' arresting him, injuring him or denying him adequate medical treatment.

The defendants may have taken action for many different reasons. If so, then you must determine whether one of those reasons was because of the Plaintiff's protected associations. If it was one of those reasons, then you must determine whether it played a substantial part in the actual decision to terminate plaintiff. If it did play a substantial part, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendant's decision. If it did not play a substantial part, then you must find for the Defendant.

*Authority:* Sand, ¶ 87.03, Instr. 87-96; O'Malley § 168-20.

United States Supreme Court: Mt Healthy City Dist. Rd. of Ethic. v. Doyle, 429 U.S. 274 (1977). *Accord* Givhan v. Western Line Consolidated School Dist., 439 U.S. 410 (1979).

## Requested Jury Instruction No. 8

## (Third Element — Plaintiff's Damages)

The third element that plaintiff must prove is that defendant's conduct caused plaintiff's injury and damage. Under Section 1983 the defendant is responsible for the natural consequences of his or her actions. An act causes an injury if it was a substantial factor in bringing about that (injury, damage) that is if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be a substantial factor in causing an injury, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it if you find that there are other substantial causes. You must decide whether the injury or damage suffered by plaintiff was a reasonably foreseeable consequence of defendant's conduct.

The parties stipulate that defendant was acting under color of state law. If you find that defendant deprived plaintiff of a federally protected right, and that defendant's conduct was a substantial factor in causing plaintiff's damages, you will find for plaintiff on this claim. If you find that plaintiff has not proved each one of these elements, then you will find for defendant on this claim.

**PJI 3:60 Constitutional Torts—42 USC § 1983—Action for Deprivation of Federally Secured Right**

## Requested Jury Instruction No. 9

### Race Based Claims

In order for plaintiff to establish plaintiff's claim against defendant, plaintiff has the burden of proving by a preponderance of the evidence that defendant had a discriminatory purpose or motive in that defendant's actions were, more likely than not, motivated by the plaintiff's race.

In order for the plaintiff to recover on plaintiff's claim against defendant, the plaintiff must prove that defendant intentionally discriminated against plaintiff. That is, plaintiff's race must be proven to have been a motivating factor in defendant's decision *to terminate* plaintiff.

Direct evidence would include statements showing a discriminatory motivation for the defendant's treatment of the plaintiff.

Indirect or circumstantial evidence would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the defendant's treatment of plaintiff.

The mere fact that plaintiff is white and was *terminated* is not sufficient, in and of itself, to establish plaintiff's claim under the law.

If either of the above elements has not been proved a preponderance of the evidence, you must decide in favor of the defendant and you do not have to consider the plaintiff's claim any further.

"Motivating factor" means that the evidence must show that, but for plaintiff's race, plaintiff would not have been *terminated.* The phrase "motivating factor" does not mean that it was the only motivation for defendant's decision *to discharge* the plaintiff. However, it must have been a factor that actually led to the decision.

In showing that plaintiff's race was a motivating factor, plaintiff is not required to prove that plaintiff's race was the sole motivation or even the primary motivation for defendant's decision. Plaintiff need only prove that race played a significant part in the defendant's decision even though other factors may also have motivated defendant .

Defendant claims that even if race were a motivating factor in defendant's decision, defendant would have taken the same action concerning plaintiff in the absence of the unlawful motive. Defendant claims that he terminated plaintiff based on poor job performance and further claims that he lost trust in plaintiff's leadership capabilities. Defendant also claims that City Code Section 14 allowed him to terminate plaintiff at his pleasure.

If you find that defendant would have, more likely than not, made the same employment decision to terminate plaintiff even if the unlawful motive was not present, you should so indicate on the verdict form.

Defendant also claims that as of December 31, 2007, all of his appointments made at his pleasure became null and void and plaintiff would no longer have been Fire Commissioner.

**FED-JI § 170.20**

If you find that plaintiff has met the plaintiff's burden of proof, then you must determine whether defendant has shown by a preponderance of the evidence that plaintiff would have been discharged from plaintiff's employment even if the plaintiff's political associations had not been considered, because of the Mayor's lack of trust in him and his leadership capabilities and poor job performance. Defendant also states that plaintiff's appointment would have ended as of December 31, 2007. If defendant shows, by a preponderance of the evidence, that plaintiff would have been discharged in any event, then you should find for defendant.

FED-JI § 168.50

## Requested Jury Instruction No. 11

### (Burden of Proof)

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after consideration all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden of proof and you must find for the defendants.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue in favor of the party that does not have the burden of proof, it this case, the defendants. This is because the party bearing this burden must prove more than simple equity of evidence — he must prove the element at issue by a preponderance of the evidence.

*Authority:* Sand, ¶ 73.01, Jnstr. 73-2

Authority: Sand,~ 73.01, Instr. 73-1.

## Requested Jury Instruction No. 12
## (Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses — something he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person who entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether it is still raining. So you have no direct evidence of that fact. But on the combination facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence, You infer on that basis of reason and experience and common sense from one established fact the existence or nonexistence of some other fact.

Circumstantial evidence is of no less value that directs evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

*Authority:*  Michalic v. Cleveland Tankers. Inc. 364 U.S. 325, 81 S.Ct. 6, 5 L.Ed2d (1960); Sand, ¶ 74.01, Instr. 74-2

## Requested Jury Instruction No. 13

## (Judicial Notice)

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

*Authority:* Sand, ¶ 74.02, Instr. 74-3

## Requested Instruction No. 14

### (Inference Defined)

During the trial, you have heard the attorneys use the term "inference" and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. One party might ask you to draw one set of inferences, while the other party might ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction pr conclusion which you, the jury, are permitted to draw — but not required to thaw — from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experiences.

Authority: Schultz v. Pennsylvania R. Co., 350 U.S. 372, 76 S.Ct. 608, 100 L.Ed2d 668 (1956); Willcins v. American Exvort Isbrandtsen Lines. Inc.. 446 F.2d 480 (2d Cir.) cert denied 404 U.S. 1018 (1971); Sand, ¶ 75.01, Instr. 75-2.

## Requested Instruction No. 15

### (Witness Credibility)

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did they appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear? What was their demeanor — that is, their behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witnesses may have shown for or against any party as well as any interest the witness has in the outcome of this case. You should consider the opportunity the witness had to see, hear, and know the things about which she or he testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words what you must try to do in deciding credibility is to size a witness up in light their demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

*Authority:* Sailor v. Arkansas Natural Gas Corp.. 321 U.S. 620, 64 S.Ct. 724, 88 LEd 967 (1944); Dyer v. MacDougall. 201 F.2d 265 (2d Cr. *1952)*; Sand, ¶ 76.01, Instr. 76-1

## Requested Instruction No.16
## (Bias)

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color in their testimony. In short, if you find that a witness is biased, you should view their testimony with caution, weight it with care and subject it to close and searching scrutiny.

*Authority:* Davis v. Alaska, 415 US 308,94 S.Ct. *1105,* 39 L.Ed.2d 347 (1974); Sand, ¶ 76.01, Instr. 76-2

## Requested Instruction No. 17

### (Interest in Outcome)

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify & falsely and may sway a witness to testify in a way that advances their own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of their testimony, and use great care and caution in accepting it.

Keep in mind, though, that it does not automatically follow that testimony given by an interest witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide based on your own perceptions and common sense, to what extent, if at all; the witness's interest has affected their testimony.

*Authority:* Davis v. Alaska, 415 US 308, 94 S.Ct. 1105,39 L.Ed.2d 347(1974); Sand, ¶ 76.01, Instr. 76-3

## Requested Instruction No.18

### (Discrepancies in Testimony)

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel has argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between their testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict themselves. It is also common that when two people witness an event, each will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weight the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

*Authority:* Sand, ¶ 76.01, Instr. 76-4

## Requested Jury Instruction No. 19

### (Mitigation of Damages)

You are instruction that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate" or minimize those damages.

The law imposes on an injured person the duty to take advantage of reasonable opportunities he or she may have to prevent the aggravation of their injuries, if any, so as to reduce or minimize the loss or damage.

If you find the defendants liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage they could have avoided through such reasonable efforts. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his or her damages, you should deny recovery for those damages which he or she would have avoided had they taken advantage of the opportunity.

*Authority:* Novelty Textile Mills. Inc. v. C.T. Eastern Inc., 743 F. Supp. 212 (SDNY 1990); Sand, ¶ 77,01, Instr. 77-7

## Requested Jury Instruction No.20
## (The Defense of Qualified Immunity)


The defendant will be entitled to qualified immunity if, at the time of the termination, he neither knew nor should have known that his or her actions were in violation of federal law.

*In* deciding what a competent official would have known about the termination of plaintiff, you may consider the nature of the defendant's official duties, the character of his or her official position, the information which was known to the defendant or not known to him or her and the events confronting the defendant. You must ask yourself what a reasonable Mayor in the defendant's situation would have believed about the legality of the defendant's conduct. You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the Plaintiff. You may also use your common sense. If you find that a reasonable officer in defendant's situation would believe his conduct to be lawful, then this element will be satisfied.

A defendant has the burden of proving that he neither knew nor should have known that his or her actions violated federal law. If a defendant convinces you by a preponderance of the evidence that they neither knew nor should have known that their actions violated federal law, than you must return a verdict in that defendant's favor, even though you had previously found that the defendant did in fact violate the Plaintiff's rights under color of state law.


In this case, I have awarded defendant qualified immunity in his individual capacity. Cicchetti v. Davis, Slip Copy, 2009 WL 222379 (S.D.N.Y. 2009).


*Authority:*     Sand, ¶ 87.03, Instr. 87-74A

## Requested Jury Instruction No.21

### (Duplicative Damages)

I have a cautionary instruction before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

You should not award damages more than once for the same injury. For example, if a plaintiff were to prevail on two different theories and establish one dollar injury, you could not award the plaintiff one dollar on each theory. The plaintiff is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you may compensate the plaintiff for his injuries accordingly.

Authority:     Sand, ¶77.01, Instr. 77-2.

## Requested Jury Instruction No.22

### (Damages — Compensatory Damages)

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable. If plaintiff has proven by a preponderance of the credible evidence that defendants are liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages. If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of Title VII or Section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff— you must award actual damages only for those injuries that are a direct result of actions by these defendants and that are a direct result of conduct by defendants which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

*Authority:*    Sand, ¶ 77.01, Instr. 77-1; ¶ 87.03, Instr. 87-87

## Requested Jury Instruction No.23

### (Damages)

If you return a verdict for plaintiff, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One ($1.00) dollar.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' deprivation, you may award nominal damages not to exceed one ($1.00) dollar.

*Authority:* Sand, ¶ 87.03, 87-88.

**Index No. 07 CIV 10546**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**CICCHETTI, NICHOLAS**

Plaintiff(s)

-against-

**ERNEST D. DAVIS, IN HIS CAPACITY AS MAYOR OF THE CITY OF MOUNT VERNON, NEW YORK**

Defendant(s)

## PROPOSED JURY INSTRUCTIONS

**HELEN M. BLACKWOOD, ESQ.**
Corporation Counsel
*Attorney for Defendant*
*Office and Post Office Address*
City Hall – Roosevelt Square
Mount Vernon, New York 10550
Telephone No. (914) 665-2366

Service of copy of the within                                    is hereby admitted.

Dated,

Attorney(s) for